Thomas H. Schelly, Esq. — SBN 217285
Kevin A. Lipeles, Esq. — SBN 244275
**LIPELES LAW GROUP, APC**
880 Apollo St., Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Facsimile (310) 322-2252

Attorneys for Plaintiffs
JAMIE LIPELES, and all
others similarly situated throughout
the United States and its territories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

| | |
|---|---|
| JAMIE LIPELES, an individual, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FCA US LLC, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO._____ <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1. NEGLIGENCE; <br> 2. STRICT LIABILITY; <br> 3. BREACH OF EXPRESS WARRANTY; <br> 4. BREACH OF IMPLIED WARRANTY; and <br> 5. UNFAIR COMPETITION |

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to Plaintiff and Plaintiff's counsel. Each allegation has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

Plaintiff Jamie Lipeles, for himself and on behalf of all others similarly situated, hereby brings this Complaint and alleges as follows against FCA US LLC, and DOES 1 through 100, inclusive, and each of them:

## PARTIES

1. Plaintiff Jamie Lipeles is and, at all times relevant to the matters alleged herein, has been over the age of 18 and a resident of Los Angeles County, California. Mr. Lipeles is and was the owner of a 2018 Chrysler Pacifica Hybrid Minivan.

2. Upon information and belief, Defendant FCA US LLC, is and at all times herein relevant, a Michigan limited liability company, licensed to do business and doing business in the State of California, including Los Angeles County.

3. Plaintiffs further allege that DOES 1 through 100, and each of them, are individuals, corporations, partnerships, limited liability companies, limited partnerships, associations, trusts, parent companies and/or subsidiaries who together with the aforementioned other defendants are individuals or entities duly authorized to do and doing business in California.

4. The true names and capacities, whether individual, corporate, associates, agents or otherwise of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names, and they will ask leave of this Court to amend this Complaint when the identities of such individuals have been ascertained. Plaintiffs are informed and believe and thereupon allege that each of the defendants designated herein as a DOE is responsible in some manner and liable herein by reason of negligence, malfeasance, nonfeasance, wanton and reckless misconduct, and conscious disregard, and said defendants directly, legally and proximately caused the injuries and damages asserted in this Complaint by such wrongful conduct.

5. The acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the

benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents.

6. In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer of every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

## CLASS ALLEGATIONS

### A. The Definition of The Class

7. The Class ("the Class") shall consist of the following Subclasses:

   a. All persons throughout the United States and its territories who owned or purchased a 2017 through 2020 Chrysler Pacifica minivan, which was subject to the W46 recall and who suffered the loss of use of their vehicle due to Defendants' delay in providing replacement parts for the needed repairs to the dealers.

   b. All persons throughout the United States and its territories who owned or purchased a 2018 through 2019 Chrysler Pacifica minivan, which was subject to the VE2 recall and who suffered the loss of use of their vehicle due to Defendants' delay in providing replacement parts for the needed repairs to the dealers.

   c. All persons throughout the United States and its territories who owned or purchased a 2017 through 2019 Chrysler Pacifica minivan, which was subject to the V53 recall and who suffered the loss of use of their vehicle due to Defendants' delay in providing replacement parts for the needed repairs to the dealers.

### B. Maintenance of the Action

8. Plaintiff brings this action individually and on behalf of himself and as representative of all similarly situated persons under Bus. & Prof. Code §§ 17203 and 17204, California Code of Civil Procedure § 382, and Federal Rules of Civil Procedure, Rule 23.

9. Plaintiff also alleges that complete diversity of citizenship between the parties exists such that this action falls under 28 U.S.C. § 1332.

### C. The Class Requisites

10. At all material times, Plaintiff was a member of the Class.

11. The Class action meets the statutory prerequisites for maintaining a class action under *Code of Civ. Proc.* § 382 and Federal Rules of Civil Procedure, Rule 23, in that:

(a) The persons who comprise the Class are so numerous that the joinder of all those persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every Class member;

(c) The claims of the representative Plaintiff are typical of the claims of each Class member. Plaintiff, like all Class members, has sustained damages arising from Defendants' violations of Federal and State laws. Plaintiff, and the Class members, were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by the Defendants;

(d) The representative Plaintiff has represented and protected and will continue to represent and protect the interests of the Class fairly and adequately and he has retained counsel who are competent and experienced in class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the Class members that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

12. The Court should permit the action to be maintained as a class action under Code of Civ. Proc. §382, and Federal Rules of Civil Procedure, Rule 23, because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members:

(b) A class action is superior to any other available method for fairly and efficiently adjudicating the claims of the Class;

(c) The Class members are so numerous that it is impractical to bring all of them before the Court;

(d) Plaintiff and other Class members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the Subclass members;

(f) Without Class certification, the prosecution of separate actions by individual Class members would create a risk of:

   i. Inconsistent or varying adjudications for individual members that would establish incompatible standards of conduct for Defendants; and/or,

   ii. Adjudication for individual members that would, as a practical matter, dispose of other non-party members' interests, or that would substantially impair or impede the non-parties' ability to protect their interests, by, for example, potentially exhausting the funds available from Defendants, and

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive relief appropriate for the Class, as a whole.

13. Plaintiff contemplates eventually issuing notice to the proposed Class Members that would set forth the subject and nature of the action. Defendants' own business records may be utilized for assisting to prepare and issue the contemplated notice. To the extent that any further notices may be required, Plaintiff would contemplate using additional media and/or mailing.

**GENERAL ASSERTIONS**

14. Plaintiffs incorporate here by reference all of the foregoing paragraphs of this Complaint and repeat all assertions and allegations of said paragraphs as though set forth here in full.

15. On or about July 30, 2020, Defendants issued a recall for 2017-2020 Pacifica Plug-in Hybrid Electric Vehicles. The recall was prompted due to a defect in the vehicle's 12 volt connector post. Specifically, a high resistance electrical connection may result in the connection overheating, increasing the risk of a fire with the vehicle on or off.

16. Defendants estimated that over 23,000 vehicles were affected by the defect. The number for the recall was W46.

17. On information and belief, Defendants failed to provide sufficient replacement/repair parts to correct the defect. Consequently, the vehicle purchasers were unable to use their vehicles.

18. On or around January 9, 2020, Defendants issued a recall for 2018-2019 Pacifica vehicles equipped with an 8.4 inch radio display, 360 degree surround view camera system, and seat back video screens.

19. The recall was prompted due to a software error that caused the rearview camera image to remain displayed on the radio after the vehicle has been shifted out of reverse. As such, these vehicles fail to comply with the requirements of Federal Motor Vehicle Safety Standard, and it would cause a dangerous distraction to the driver.

20. Defendants estimated that over 20,000 vehicles were affected by the defect. The number for the recall was VE2.

21. On information and belief, Defendants failed to provide sufficient replacement/repair parts to correct the defect. Consequently, the vehicle purchasers were unable to use their vehicles.

22. On or around May 24, 2019, Defendants issues a recall for 2017-2019 Pacifica vehicles equipped with engine stop/start systems.

23. The recall was prompted due to a loose battery ground connection that could result in an intermittent loss of power steering assist and/or a stall.

24. Defendants estimated that nearly 200,000 vehicles were affected by the defect. The number for this recall was V53.

25. On information and belief, Defendants failed to provide sufficient replacement/repair parts to correct the defect. Consequently, the vehicle purchasers were unable to use their vehicles.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE – AGAINST ALL DEFENDANTS**

26. Plaintiffs incorporate here by reference all of the foregoing paragraphs of this Complaint and repeat all assertions and allegations of said paragraphs as though set forth here in full.

27. Defendants marketed, distributed and sold the vehicles that were subject to recall numbers W46, VE2, and U53.

28. At all times relevant herein, Defendants were and are engaged in the business of including, but not limited to selling, designing, manufacturing, fabricating, distributing, retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, retailing, analyzing, inspecting, supplying and placing into the stream of commerce, certain products and their component parts, packaging, attachments, associated warnings and constituents thereof, or lack of the same, the vehicles that were the subject of recall numbers W46, VE2, and U53.

29. Plaintiffs are informed and believe, and thereupon allege that Defendants failed to provide to its dealers, repair shops, and any all other entities that were expected or anticipated to perform the necessary repairs to the recalled vehicles with sufficient repair parts, replacement parts, or both, such that the vehicle owners could have their vehicles returned to a safe and usable condition as soon as possible.

30. Defendants, including their employees, agents, directors, officers, stockholders, partners and associates, had a legal duty to manage and operate their business and their manufacturing, distribution, and retail operations adequately and properly; to train and supervise their employees and agents, including their designers, inspectors, quality control agents and other manufacturing, testing, distribution and delivery personnel adequately and properly; and to act without negligence, conscious disregard or other wrongful conduct.

31. Defendants, including its employees, agents, directors, officers, stockholders, partners and associates, failed to manage and operate their business and their design, manufacturing and distribution centers adequately and properly; failed to train and supervise their employees and

agents, including designers, inspectors, quality control agents and other manufacturing, distribution and delivery personnel adequately and properly; failed to act without negligence, conscious disregard or other wrongful conduct in that, among other things to be discovered, said defendants failed to properly conduct themselves, adequately interact and coordinate business matters with others; and failed to train and supervise their employees and agents regarding employment duties adequately and properly, and the design, test manufacture, inspection, delivery, demonstration and advertising of their merchandise, including, but not limited to the vehicles that were subject to recall W46, and other related business matters.

32. Defendants' failures, including the Defendant designers, manufacturers, distributors and retailers, constituted a breach of the aforementioned duties that in a foreseeable manner, legally and proximately caused the loss of use and other damage to Plaintiffs herein asserted.

33. In addition, Defendants negligently and carelessly sold, designed, manufactured, fabricated, distributed, retailed, wholesaled, recommended, tested, modified, controlled, advertised, created, processed, prepared, constructed, packaged, utilized, provided, warranted, repaired, maintained, marketed, bought, leased, rented, vended, installed, handled, labeled, compounded, promoted, furnished, analyzed, inspected, supplied, and place into the stream of commerce, the recalled vehicles. including, but not limited to, the component parts, ingredients, packaging, attachments, associated warnings, and constituents thereof, and lack of the same. This negligence included, but was not limited to, failing to provide sufficient repair parts, replacement parts, or both, to its dealerships, repair shops, etc. such that the recalled vehicles could be made safe and usable within a reasonable amount of time.

34. Plaintiffs are informed and believe and thereupon allege that in conducting their business, and in selling, designing, manufacturing, fabricating, distributing, retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing, inspecting, supplying, and placing into the stream of commerce the recalled vehicles,

including its employees, agents, directors, officers, stockholders, partners and associates, either lacked or failed to use the knowledge and skill ordinarily possessed by similarly-situated persons, companies, designers, manufacturers, testers, assemblers, inspectors, distributors, retailers and suppliers of such products.

35. In conducting its business, and in selling, designing, manufacturing, fabricating, distributing, retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing, inspecting, supplying, and placing into the stream of commerce the recalled vehicles, Defendants, including their employees, agents, directors, officers, stockholders, partners and associates, had prior knowledge of the defective and dangerous condition that lead to recall numbers W46, VE2, and U53, and failed to ensure that there was sufficient repair parts, replacement parts, or both, such that the affected vehicles could be returned to a safe and usable condition in a timely manner.

36. Defendants failure to ensure that there was sufficient repair parts, replacement parts, or both, such that the affected vehicles could be returned to a safe and usable condition in a timely manner, resulted in Plaintiff and the class members losing the use of their vehicles for an extended and unreasonable period of time, resulting in damage.

37. Defendants' acts, omissions, despicable conduct, malfeasance were done in conscious disregard of the rights and safety of others.

38. Defendants' conscious disregard and despicable conduct directly, legally and proximately caused injury to plaintiff and to the class as herein described.

39. In addition, the acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard as described above, the conduct was done by Defendants' employees with the advance knowledge, authorization, approval, participation or ratification of Defendants' officers, directors and/or managing agents.

40. As a direct, legal and proximate result of Defendants' combined and concurrent wrongful conduct, Plaintiff and the class suffered and sustained loss and damages. This loss and

damages includes, but is not limited to the following:

    (a)    Economic loss, in an amount to be established at the time of trial according to proof;

    (b)    Loss or damage to tangible personal property, in an amount to be established at the time of trial according to proof; and

    (c)    Pre-trial interest, in an amount to be established at the time of trial according to proof.

41.    At all times alleged herein, the conduct of the defendants, and each of them, was so reckless and willful, and committed with the disregard of the well-being of Plaintiffs, that said conduct amounted to fraud, malice and/or oppression warranting a claim for punitive or exemplary damages in an amount as the Court deems just and reasonable and sufficient to punish defendants, and each of them, and set an example for others.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY – AGAINST ALL DEFENDANTS

42.    Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat and reallege such paragraphs here as though set forth in full.

43.    Defendants marketed, distributed and sold the vehicles that were subject to recall numbers W46, VE2, and U53.

44.    At all times relevant herein, Defendants were and are engaged in the business of including, but not limited to selling, designing, manufacturing, fabricating, distributing, retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, retailing, analyzing, inspecting, supplying and placing into the stream of commerce, certain products and their component parts, packaging, attachments, associated warnings and constituents thereof, or lack of the same, the vehicles that were the subject of recall numbers W46, VE2, and U53.

45.    Plaintiffs are informed and believe, and thereupon allege that Defendants failed to provide to its dealers, repair shops, and any all other entities that were expected or anticipated to

perform the necessary repairs to the recalled vehicles with sufficient repair parts, replacement parts, or both, such that the vehicle owners could have their vehicles returned to a safe and usable condition as soon as possible.

46. Defendants, including their employees, agents, directors, officers, stockholders, partners and associates, had a legal duty to manage and operate their business and their manufacturing, distribution, and retail operations adequately and properly; to train and supervise their employees and agents, including their designers, inspectors, quality control agents and other manufacturing, testing, distribution and delivery personnel adequately and properly; and to act without negligence, conscious disregard or other wrongful conduct.

47. Defendants, including its employees, agents, directors, officers, stockholders, partners and associates, failed to manage and operate their business and their design, manufacturing and distribution centers adequately and properly; failed to train and supervise their employees and agents, including designers, inspectors, quality control agents and other manufacturing, distribution and delivery personnel adequately and properly; failed to act without negligence, conscious disregard or other wrongful conduct in that, among other things to be discovered, said defendants failed to properly conduct themselves, adequately interact and coordinate business matters with others; and failed to train and supervise their employees and agents regarding employment duties adequately and properly, and the design, test manufacture, inspection, delivery, demonstration and advertising of their merchandise, including, but not limited to the vehicles that were subject to recall numbers W46, VE2, and U53, and other related business matters.

48. Defendants' failures, including the Defendant designers, manufacturers, distributors and retailers, constituted a breach of the aforementioned duties that in a foreseeable manner, legally and proximately caused the loss of use and other damage to Plaintiffs herein asserted.

49. In addition, Defendants negligently and carelessly sold, designed, manufactured, fabricated, distributed, retailed, wholesaled, recommended, tested, modified, controlled, advertised, created, processed, prepared, constructed, packaged, utilized, provided, warranted, repaired, maintained, marketed, bought, leased, rented, vended, installed, handled, labeled,

compounded, promoted, furnished, analyzed, inspected, supplied, and place into the stream of commerce, the recalled vehicles. including, but not limited to, the component parts, ingredients, packaging, attachments, associated warnings, and constituents thereof, and lack of the same. This negligence included, but was not limited to, failing to provide sufficient repair parts, replacement parts, or both, to its dealerships, repair shops, etc. such that the recalled vehicles could be made safe and usable within a reasonable amount of time.

50.   Plaintiffs are informed and believe and thereupon allege that in conducting their business, and in selling, designing, manufacturing, fabricating, distributing, retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing, inspecting, supplying, and placing into the stream of commerce the recalled vehicles, including its employees, agents, directors, officers, stockholders, partners and associates, either lacked or failed to use the knowledge and skill ordinarily possessed by similarly-situated persons, companies, designers, manufacturers, testers, assemblers, inspectors, distributors, retailers and suppliers of such products.

51.   In conducting its business, and in selling, designing, manufacturing, fabricating, distributing, retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing, inspecting, supplying, and placing into the stream of commerce the recalled vehicles, Defendants, including their employees, agents, directors, officers, stockholders, partners and associates, had prior knowledge of the defective and dangerous condition that lead to recall numbers W46, VE2, and U53, and failed to ensure that there was sufficient repair parts, replacement parts, or both, such that the affected vehicles could be returned to a safe and usable condition in a timely manner.

52.   Defendants failure to ensure that there was sufficient repair parts, replacement parts, or both, such that the affected vehicles could be returned to a safe and usable condition in a

timely manner, resulted in Plaintiff and the class members losing the use of their vehicles for an extended and unreasonable period of time, resulting in damage.

53. Defendants' acts, omissions, despicable conduct, malfeasance were done in conscious disregard of the rights and safety of others.

54. Defendants' conscious disregard and despicable conduct directly, legally and proximately caused injury to plaintiff and to the class as herein described.

55. In addition, the acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard as described above, the conduct was done by Defendants' employees with the advance knowledge, authorization, approval, participation or ratification of Defendants' officers, directors and/or managing agents.

56. As a direct, legal and proximate result of Defendants' combined and concurrent wrongful conduct, Plaintiff and the class suffered and sustained loss and damages. This loss and damages includes, but is not limited to the following:

(d) Economic loss, in an amount to be established at the time of trial according to proof;

(e) Loss or damage to tangible personal property, in an amount to be established at the time of trial according to proof; and

(f) Pre-trial interest, in an amount to be established at the time of trial according to proof.

57. At all times alleged herein, the conduct of the defendants, and each of them, was so reckless and willful, and committed with the disregard of the well-being of Plaintiffs, that said conduct amounted to fraud, malice and/or oppression warranting a claim for punitive or exemplary damages in an amount as the Court deems just and reasonable and sufficient to punish defendants, and each of them, and set an example for others.

### THIRD CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY – AGAINST ALL DEFENDANTS

58. Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat and reallege such paragraphs here as though set forth in full.

59. Defendants were engaged in the business of selling and/or supplying the above

described vehicles in their regular course of business.

60. At all times herein mentioned, Defendants expressly affirmed, promised and warranted to Plaintiff and to the class and the general consuming public, through print, media and television advertising and other express means, that the subject vehicles were of merchantable quality and were safe for its ordinary, intended, foreseeable and expected use, and such affirmation, promise and warranty was a basis of the bargain with respect to the sale of the vehicles.

61. In addition, Defendants expressly affirmed, promised and warranted that in the event of a recall such as recall numbers W46, VE2, and U53, the would supply sufficient repair parts, replacements parts, or both, to their dealerships, repair shops, and any other entity that they reasonably expected, anticipated, or both, that would perform the repair work such that the repairs could be performed in a reasonable amount of time such that the vehicle owners' loss of use would be minimized and would last no longer than was reasonable and necessary.

62. Due to Defendants' actions/inactions, the vehicles were not of merchantable quality and were not as warranted, thus constituting a breach of warranty; and as a direct, legal and proximate result of Plaintiff's and the classes' reliance on the warranties and the breach of warranties, Plaintiff and the class sustained the herein-described losses and damages.

63. Plaintiffs are informed and believe and thereupon assert that Defendants received timely notice of breach of warranties.

64. Plaintiffs are informed and believe and thereupon assert that Defendants knew or, in the exercise of reasonable care, should have known of the lack of sufficient parts being supplied such that the repairs could be made in a reasonable amount of time.

65. As a direct, legal and proximate result of these breach of warranties and the defective nature of the vehicle, Plaintiffs suffered and sustained loss and damages including, but not limited to loss of use of the vehicle.

66. As a further result of the said breach of warranties Plaintiffs incurred and will continue to incur loss or damage to tangible personal property, in an amount to be established at the time of trial according to proof, as well as interest in an amount to be established at the time of trial according to proof.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY – AGAINST ALL DEFENDANTS

67. Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat and reallege such paragraphs here as though set forth in full.

68. Defendants impliedly warranted to purchasers and users of the vehicles and the general public, including Plaintiff and the class, that they were suitable for their intended use, was of merchantable quality, fit for the ordinary purposes for which such goods are used, ran within the variations permitted by the agreement, and that in the event of a recall such as W46, that sufficient replacement parts and repair parts would be provided to dealerships, repair shops, etc. such that the repairs could be completed in a timely manner.

69. Plaintiff's and the classes' vehicles were not of merchantable quality and were not as warranted by Defendants, and Defendants failed to provide sufficient repair parts and replacement parts such that repairs could be completed in a timely manner, thus constituting a breach of said warranties and, as a direct, legal, and proximate cause of the reliance on these warranties by Plaintiff and the class and the breach of these warranties, Plaintiffs suffered the herein described losses and other damages.

70. Plaintiffs are informed and believe and thereupon assert that Defendants knew, or in the exercise of reasonable care, should have known of the parts shortage.

71. As a direct, legal and proximate result of the breach of warranties and defective nature of the vehicles, Plaintiffs suffered and sustained loss and damages.

72. As a further result of said breach of warranties and defective nature of the vehicles, Plaintiffs incurred and will continue to incur loss or damage to tangible personal property, in an amount to be established at the time of trial according to proof, as well as interest in an amount to be established at the time of trial according to proof.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION (*Business & Professions Code* §§ 17200 *et seq.*) – AGAINST ALL DEFENDANTS

73. Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat and reallege such paragraphs here as though set forth in full.

74. Each Defendant is also a "person" as that term is defined in *Business & Professions Code* §17021.

75. The *Business & Professions Code* defines unfair competition as any unlawful, unfair, or fraudulent business practice. At all times relevant herein, by and through the conduct described herein, Defendants have engaged in unfair and unlawful practices by failing to provide sufficient repair parts, replacement parts, or both, to its dealerships, repair shops, etc. such that the vehicles subject to recall numbers W46, VE2, and U53 would be repaired in a reasonable and timely manner, all in violation of *Business & Professions Code* §§ 17200 *et seq.*

76. By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property, money and services from the Plaintiff and the Class and have deprived them of valuable rights and benefits guaranteed by law all to the detriment of Plaintiff and the Class.

77. All the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of *Business & Professions Code* §§ 17200 *et seq.*

78. Plaintiff and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and the Class have been deprived by means of the above described unfair and unlawful business practices.

79. Plaintiff and the Class are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendants from engaging in any of the above described unfair and unlawful business practices in the future.

80. Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendants. As a result of the unfair and unlawful business practices described above, Plaintiff and the Class have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair and unlawful

business practices. In addition, Defendants should be required to disgorge the unpaid moneys to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class respectfully pray that this Court enter judgment against each Defendant, jointly and severally as follows:

1. **ON THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION:**
   (a) For actual and compensatory damages; and
   (b) For statutory penalties, interest, costs of suit, and attorney's fees.

2. **ON THE FIFTH CAUSE OF ACTION:**
   (a) For restitution and disgorgement;
   (b) For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper; and
   (c) For other injunctive relief ordering Defendants to notify Plaintiff that they have not been paid the proper amounts in accordance with California law.

3. **ON ALL CAUSES OF ACTION:**
   (a) For reasonable attorney's fees pursuant to statute, contract, or both;
   (b) For costs of suit;
   (c) For prejudgment interest;
   (d) For statutory penalties; and
   (e) For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and Class demand a jury trial on all issues triable to a jury.

Date: February 1, 2021

LIPELES LAW GROUP, APC

By: _____
Kevin A. Lipeles, Esq.
Thomas H. Schelly, Esq.
Attorneys for Plaintiffs